# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:16-cv-43-FDW

| | |
|---|---|
| WILLIAM CARAVAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| FNU MITCHELL, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. On January 28, 2016, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 5). Thus, Plaintiff is proceeding in forma pauperis.

**I.    BACKGROUND**

Pro se Plaintiff William Caravan, Jr., a North Carolina state inmate currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina, filed this action on January 25, 2016, pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff brings various, unrelated claims against twenty-one named Defendants, based on events that have occurred during his incarceration at Lanesboro. For instance, Plaintiff purports to bring an Eighth Amendment claim based on deliberate indifference to serious medical needs against various defendants; a First Amendment and Religious Land Use and Institutionalized Persons Act claim against other defendants, and an Eighth Amendment claim based on conditions of confinement against other

1

defendants.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Under Rule 18(a) of the Federal Rules of Civil Procedure, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. See FED. R. CIV. P. 18(a). However, to name other defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which permits joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact. See FED. R. CIV. P. 20(a)(2). Here, Plaintiff's complaint brings multiple, unrelated claims against numerous defendants. Thus, Plaintiff's allegations fail to comply with the rules governing the joinder of multiple claims and defendants in the same lawsuit. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different

defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). For instance, Plaintiff's First Amendment religious exercise claim against various Defendants is wholly unrelated to his Eighth Amendment deliberate indifference claim against other named Defendants. The Court will allow Plaintiff the opportunity to amend the Complaint to comply with Rules 18 and 20. That is, in an amended Complaint, Plaintiff may choose which distinct claims he wishes to pursue in this action. As to wholly unrelated claims against different Defendants, he must bring those claims through separately filed lawsuits.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the complaint in accordance with this order. If Plaintiff fails to amend the complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff. Furthermore, to the extent that an amended complaint purports to bring claims against multiple defendants that are wholly unrelated, the amended complaint will be subject to dismissal without further notice to Plaintiff for the reasons explained in this order.

2. The Clerk is directed to mail Plaintiff a new Section 1983 complaint form.

Frank D. Whitney
Chief United States District Judge