UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-43-FDW

| | |
|---|---|
| WILLIAM CARAWAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| FNU MITCHELL, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 16), following remand by the Fourth Circuit Court of Appeals. Plaintiff is proceeding in forma pauperis.

## I.  BACKGROUND

This action is on remand from the Fourth Circuit Court of Appeals. This Court initially dismissed this action without prejudice for failure to prosecute because Plaintiff did not file his Amended Complaint within the time prescribed by the Court. (Doc. No. 10). Specifically, in its order of dismissal, this Court stated:

> Pro se Plaintiff William Carawan, Jr., a North Carolina state inmate currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina, filed this action on January 25, 2016, pursuant to 42 U.S.C. § 1983. Following an initial review by this Court, the Court determined, in an order dated March 18, 2016, that the Complaint in its current form is deficient because the Complaint purports to bring multiple, unrelated claims against numerous defendants, and it is, therefore, not in compliance with FED. R. CIV. P. 20(a). The Court gave Plaintiff thirty days in which to amend the Complaint to cure the deficiencies. The Court expressly warned Plaintiff that his failure to amend the Complaint in accordance with the Court's order would result in dismissal without prejudice and without further notice to Plaintiff. (Id.).

1

> On April 15, 2016, Plaintiff filed a motion for extension of time to file an Amended Complaint. By order dated April 21, 2016, this Court granted Plaintiff an additional 45 days from service of the Complaint to amend his Complaint. The Court stated in the order that no further extensions of time would be granted. More than 45 days have elapsed since this Court's service of this second order, and Plaintiff has failed to submit an Amended Complaint. Given that Plaintiff has failed to respond to this Court's order giving him the opportunity to cure the deficiencies in his Complaint, this action will be dismissed without prejudice for failure to prosecute.

(Doc. No. 10).

Plaintiff appealed this Court's dismissal without prejudice. On August 21, 2017, the Fourth Circuit remanded to this Court after Plaintiff argued to that Court that he mailed his Amended Complaint to this Court on April 27, 2016, in accordance with this Court's order. (Doc. No. 15). No such Amended Complaint was ever filed on this Court's docket, and this Court has no record of receiving any such Amended Complaint. Nevertheless, the Fourth Circuit's order on remand directed this Court to "consider Carawan's legal papers mailed to the Court by prison officials on April 27, 2016, and then to determine whether the amended pleadings, if there were any, complied with the court's orders of March 18, 2016." (Id. at 2). Following remand by the Fourth Circuit, Plaintiff filed his Amendment Complaint in this Court on August 31, 2017. Accordingly, this Court, upon order of the Fourth Circuit, is conducting an initial review of the Amended Complaint.

Pro se Plaintiff William Carawan, Jr., is a North Carolina prisoner incarcerated at Tabor Correctional Institution in Tabor City, North Carolina. Plaintiff filed his Amended Complaint on August 31, 2017, pursuant to 42 U.S.C. § 1983, naming the following Defendants: (1) FNU Mitchell, identified as the Superintendent of Lanesboro Correctional Institution; (2) FNU Miller, identified as the Medical Director of Lanesboro; (3) and FNU McCoy, identified as a Unit Manager at Lanesboro. (Doc. No. 16 at 3-4). Plaintiff purports to bring a claim against

2

Defendants for deliberate indifference to serious medical needs in violation of his Eighth Amendment rights. Plaintiff alleges the following facts in the Amended Complaint:

> Mr. Mitchell, Mr. Miller, and Mr. McCoy all operated with practices which went against policy in not posting sick call notification as rules state. I filled multiple sick calls about chronic back pain and having medications renewed from November of 2014 which weren't addressed until January 23, 2015, which I was considered as a no-show due to my not knowing I had an appointment. I was in school. The act of deliberate indifference to my medical needs which were chronic due to the back pain lasting over a course of years violated my 8th Amendment rights. Several notices were sent to the medical director yet nothing was done. I suffered through much pain as a result of the lack of medical response and to this day I still can't get my medical issues addressed in a timely fashion. Medical records will show my efforts of gaining relief if they filed them. Due process was violated in the notification not being given to me or anyone else for that matter of our sick call appointments. The medical staff are allowed to play games with people's sick calls like it's a joke here. Staff are aware that they are not addressing medical issues in a timely manner and of the suffering that's being caused.

(Id. at 2-3). Plaintiff seeks compensatory and punitive damages as well as injunctive and declaratory relief. (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably

meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

**III.    DISCUSSION**

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp.

4

757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

The Court finds that, assuming that Plaintiff's allegations are true, and drawing all reasonable inferences in his favor, Plaintiff's claim against Defendants is not clearly frivolous. This court notes, however, that Plaintiff's claims for declaratory and injunctive relief are moot because he has been transferred away from Lanesboro.

## IV. CONCLUSION

For the reasons stated herein, this action survives initial review.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Amended Complaint survives initial review under 28 U.S.C. § 1915(e),

2. **IT IS FURTHER ORDERED THAT**, the Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and return for service of process on Defendants. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants.

3. **The Clerk of this Court is respectfully instructed to update the docket to reflect the current Defendants named in the Amended Complaint.**

Signed: September 29, 2017

Frank D. Whitney
Chief United States District Judge